12/11/2020

## Commonwealth of Massachusetts

BRISTOL, ss.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 20-cv-00777

Vincent White & Robert Smith, PLAINTIFF(S),

v.

C. Carney Recycling Solutions, LLC, DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO C. Carney Recycling Solutions, LLC (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Bristol Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.
2.  **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
    a.  Filing your signed original response with the Clerk's Office for Civil Business, Superior Court, 9 Court Street, Room 13, Taunton, MA 02780 (address), by mail or in person, **AND**
    b.  Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: Herald Law Group, P.C., 50 Terminal St, Bld 2, Ste 716, Charlestown, MA 02129.
3.  **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as counterclaims) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rulesofcourt.

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2073CV00777 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: White, Vincent et al vs. C. Carney Recyclying Solutions, LLC | | Marc J. Santos, Clerk of Court Bristol County |
| TO: C. Carney Recyclying Solutions, LLC 35 Thrasher St Raynham, MA 02767 | | COURT NAME & ADDRESS Bristol County Superior Court - Taunton 9 Court Street, Rm 13 Taunton, MA 02780 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

STAGES OF LITIGATION                                              DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 02/04/2021 | |
| Response to the complaint filed (also see MRCP 12) | | 03/08/2021 | |
| All motions under MRCP 12, 19, and 20 | 03/08/2021 | 04/05/2021 | 05/05/2021 |
| All motions under MRCP 15 | 03/08/2021 | 04/05/2021 | 05/05/2021 |
| All discovery requests and depositions served and non-expert depositions completed | 09/02/2021 | | |
| All motions under MRCP 56 | 10/04/2021 | 11/01/2021 | |
| Final pre-trial conference held and/or firm trial date set | | | 03/01/2022 |
| Case shall be resolved and judgment shall issue by | | | 11/07/2022 |

The final pre-trial deadline is not the scheduled date of the conference. You will be notified of that date at a later time. Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED 11/06/2020 | ASSISTANT CLERK Garrett Fregault | PHONE (508)823-6588 |
|---|---|---|

Date/Time Printed: 11-06-2020 14:16:01                                           SCV026\ 08/2018

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| PLAINTIFF(S): Vincent White ; Robert Smith<br>ADDRESS: 14 Olive St.         4 Santos Rd<br>Pembroke, MA    Plymouth, MA<br><br>ATTORNEY: Suzanne L. Herold, Herold Law Group, P.C.<br>ADDRESS: 50 Terminal Street<br>Bld 2, St 714<br>Charlestown MA 02129<br>BBO: 675808 | DEFENDANT(S): C. Carney Recycling Solutions, LLC<br>35 Thrasher St.<br>Raynham, MA<br>ADDRESS: | COUNTY Bristol |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A99 | Failure to pay earned wages | | ☐ YES  ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?  ☐ YES  ☐ NO
Is this a class action under Mass. R. Civ. P. 23?  ☐ YES  ☐ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............ $
2. Total doctor expenses ............ $
3. Total chiropractic expenses ............ $
4. Total physical therapy expenses ............ $
5. Total other expenses (describe below) ............ $
Subtotal (A): $

B. Documented lost wages and compensation to date ............ $
C. Documented property damages to date ............ $
D. Reasonably anticipated future medical and hospital expenses ............ $
E. Reasonably anticipated lost wages ............ $
F. Other documented items of damages (describe below) ............ $

G. Briefly describe plaintiff's injury, including the nature and extent of injury.

TOTAL (A-F): $

### CONTRACT CLAIMS
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

Meal break violations, Failure to pay earned wages / earned overtime, breach of contract

TOTAL: $ 35,000 +

Signature of Attorney/ Unrepresented Plaintiff: X                                                             Date:

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X                                                                  Date: 11-02-2020

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.                                                    SUPERIOR COURT
                                                                CIVIL ACTION NO.:

| | |
|---|---|
| VINCENT WHITE & ROBERT SMITH<br><br>Plaintiff,<br><br>v.<br><br>C. CARNEY RECYCLING SOLUTIONS, LLC<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND JURY DEMAND

### Parties

1. The Plaintiff, Vincent White ("Mr. White") is an individual with an address of 14 Olive Street, Pembroke, Plymouth County, Massachusetts.

2. The Plaintiff, Robert Smith ("Mr. Smith") is an individual with an address of 4 Santos Road, Plymouth, Plymouth County, Massachusetts.

3. The Defendant, C. Carney Recycling Solutions, LLC ("Company") is a Massachusetts corporation with its principal place of business located at 35 Thrasher Street, Raynham, Bristol County, Massachusetts.

### Facts

4. The Company provides commercial recycling services to customers throughout Massachusetts.

5. Plaintiffs are former employees of Defendants who worked as "Roll Off Drivers"—a position that required them to have a Commercial Drivers License.

6. Plaintiffs worked for the Defendant from March 2016 until June 2020.

7. The terms of Plaintiffs' working relationship were covered by a Collective Bargaining Agreement. Plaintiffs were members of the Teamster Local 25.

8. Plaintiffs typically worked 5-6 days per week and averaged 60 work hours per week.

9. Each day worked, the Plaintiffs worked 6 consecutive hours or more.

10. At all times, the Company knowingly expected Plaintiffs to work through their lunch breaks.

11. At all times, Plaintiffs worked through their daily lunch break.

12. At all times, the Company deducted a paid half-hour from Plaintiff's time to represent the Plaintiffs having taken their half hour lunch break.

13. At all relevant times, despite knowing that the Plaintiffs were working through their lunch break, the Company did not offer, and Plaintiffs did not sign, any lunch break waiver.

14. The Plaintiffs complained about the Company deducting one half-hour per day from their paychecks, to no avail.

15. Furthermore, on most occasions, the 2.5 – 3 hour weekly deduction was made when Plaintiffs were working overtime and should have been paid their overtime rate.

16. Plaintiffs earned $28.10 per hour. Therefore, their overtime rate was $42.15.

17. In June 2020, Plaintiffs were "laid off" in retaliation for their complaints. On information and belief, Plaintiffs were selected for the lay-off over less productive employees because of their complaints about the lunch break violation and the Defendant's perception that thwy were, therefore, "troublemakers".

18. Plaintiffs have exhausted their administrative remedies with the Massachusetts Attorney General.

## CAUSES OF ACTION

### Count I - Violation of M.G.L c. 149 § 148 and 150

19. The Plaintiffs hereby incorporate all allegations in this document with the same force and effect as if set forth herein.

20. This is a cause of action by the Plaintiffs against the Defendant for failing to pay earned wages.

21. The Defendant refused to pay Plaintiffs for working through their lunch breaks.

22. The Company has failed to pay Plaintiffs wages for all hours they worked for the Defendants.

23. As a direct result, Plaintiff has suffered damages.

### Count II - Violation of M.G.L. c. 151 § 1A

24. The Plaintiff hereby incorporate all allegations in this document with the same force and effect as if set forth herein.

25. This is a cause of action by the Plaintiffs against Defendant for failing to pay overtime wages.

26. The Defendant has refused to pay Plaintiff sovertime wages for working through their lunch breaks.

27. The Plaintiffs do not fall under a statutory exemption under M.G.L. c. 151 § 1A.

28. As a direct result, Plaintiffs have suffered damages.

### Count III – Violation of M.G.L c. 149 § 100 & 101

29. The Plaintiffs hereby incorporate all allegations in this document with the same force and effect as if set forth herein.

30. This is a cause of action by the Plaintiffs against the Defendant.

31. The Defendant deducted one half-hour per day from Plaintiffs' pay for a lunch break.

32. The Defendant made the deduction despite knowing that the Plaintiffs were working through their lunch breaks.

33. The Defendant never presented Plaintiffs a meal break waiver, and as a result, Plaintiffs never waived their rights to a meal break.

34. As a direct result, the Plaintiffs have suffered monetary damages.

### Count IV – Retaliation in Violation of M.G.L c. 149 § 148A

35. The Plaintiffs hereby incorporate all allegations in this document with the same force and effect as if set forth herein.

36. This is a cause of action by the Plaintiffs against the Defendant.

37. The Defendant retaliated against the Plaintiffs by selecting them for termination over other less qualified and / or less productive drivers.

38. As a direct result, the Plaintiffs have suffered monetary damages.

## Count V – Breach of Contract

39. The Plaintiffs hereby incorporate all allegations in this document with the same force and effect as if set forth herein.

40. This is a cause of action by the Plaintiffs against the Defendant for breach of contract.

41. A binding and enforceable agreement, with consideration, existed between the Plaintiffs and the Defendant.

42. The material breach by the Defendant in refusing to pay wages, overtime wages by deducting a meal break that the Defendant knew the Plaintiffs never took has caused the Plaintiffs harm.

43. As a result, the Plaintiff has suffered monetary damages.

## Count VI – Breach of the Covenant of Good Faith and Fair Dealing

44. The Plaintiffs hereby incorporate all allegations in this document with the same force and effect as if set forth herein.

45. This is a cause of action by the Plaintiffs against the Defendant for breach of the covenant of good faith and fair dealing.

46. The Defendant's refusal to pay wages and overtime wages a by deducting a meal break that the Defendant knew the Plaintiffs never took has resulted in a windfall for the Defendant.

47. As a direct result, Plaintiffs have suffered monetary damages.

## Count VII – Quantum Merouit

48. The Plaintiffs hereby incorporate all allegations in this document with the same force and effect as if set forth herein.

49. This is a cause of action by the Plaintiffs against the Defendant for quantum merouit.

50. The Company's refusal to pay wages and overtime wages by deducting a meal break that the Defendant knew the Plaintiffs never took has resulted in a windfall for the Defendant.

51. As a direct result, the Plaintiffs have suffered monetary damages.

*The Plaintiffs demand a jury trial on all triable issues.*

WHEREFORE, the Plaintiffs, Vincent White and Robert Smith, prays that this Honorable Court:

I. Enter judgment against the Defendant;

II. Enter an award of multiple damages, reasonable attorney's fees, costs and pre-judgment interest against the Defendant based upon the Defendant's violation of the Massachusetts Wage & Hour Act.

III. Grant such other relief as this Court deems just and proper.

November 2, 2020

The Plaintiffs,
Vincent White & Robert Smith
By his attorney,

_____
Suzanne L. Herold (BBO# 675808)
Herold Law Group, P.C.
50 Terminal Street
Building 2, Suite 716
Charlestown, MA 02129
(617) 944-1325 (t)
(617) 398-2730 (f)
suzie@heroldlawgroup.com