UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-CV-12287-RWZ

VINCENT WHITE and ROBERT SMITH

v.

C. CARNEY RECYCLING SOLUTIONS, LLC

MEMORANDUM & ORDER

July 13, 2021

ZOBEL, S.D.J.

Plaintiffs filed their complaint against defendant, their former employer, in the Trial Court of the Commonwealth of Massachusetts. They allege that defendant violated Massachusetts statutory and common law by failing to pay them for work performed during meal breaks and terminating them in retaliation for their complaints about this practice. Defendant removed the case to this court and now seeks to dismiss plaintiffs' claims. (Docket # 9). Plaintiffs move to remand on the ground that their claims, based entirely on state law, provide no basis for federal jurisdiction. (Docket # 8).

As plaintiffs concede, however, the terms of their employment were governed by a collective bargaining agreement ("CBA"). (Docket # 1-2 at 4). As a result, the court has subject matter jurisdiction under the Labor Management Relations Act ("LMRA"), which provides that "suits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having

jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). "In a case of this kind, removal and dismissal based on complete preemption under the LMRA must start with a plaintiff covered by a CBA for it is that fact that establishes subject matter jurisdiction in the federal district court." Pruell v. Caritas Christi, 645 F.3d 81, 83 (1st Cir. 2011) (emphasis omitted).

Having determined that plaintiffs' claims are properly in this court under the LMRA, the court must next decide their viability. "[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 [(LMRA)] claim . . . or dismissed as pre-empted by federal labor-contract law." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985). Each of plaintiffs' claims, which include breach of the CBA, failure to pay overtime and wages for lunch breaks, as well as quantum meruit, require for their resolution analysis and interpretation of the CBA.

Plaintiffs do not allege that they followed the CBA's grievance process, nor have they refuted defendant's allegation that they did not do so. "Here, the Plaintiffs' failure to exhaust available grievance procedures under the CBA precludes this Court from treating those claims as having been brought under § 301, and dismissal is thus required." DiGiantommaso v. Globe Newspaper Co., 632 F. Supp. 2d 85, 90 (D. Mass. 2009); see Rose v. RTN Fed. Credit Union, No. 19-cv-11854, 2019 U.S. Dist. LEXIS 238464, at *3 (D. Mass. Dec. 9, 2019) ("Dismissal is appropriate if plaintiffs have not previously raised the claims through the grievance procedure."), aff'd No. 20-1470, 2021

2

U.S. App. LEXIS 17329 (1st Cir. June 10, 2021).  Defendant's motion to dismiss counts I, II, IV, V, VI, and VII is therefore allowed.

With regard to Count III, defendant is correct that there is no private right of action under Massachusetts General Laws ch. 149 §§ 100, 101.  "G.L. c. 149, § 100, which requires that employers provide employees who work six hours or more with a thirty minute meal period, does not create a private right of action."  Salvas v. Wal-Mart Stores, Inc., 893 N.E.2d 1187, 1215 (Mass. 2008); see Awadh v. Tourneau, Inc., No. 15-cv-13993, 2018 U.S. Dist. LEXIS 41557, at *14 (D. Mass. Mar. 14, 2018) (dismissing claim under § 100 because there is no private right of action).  The motion to dismiss this claim is therefore also allowed.

Plaintiffs' motion to remand (Docket # 8) is DENIED.  Defendant's motion to dismiss (Docket # 9) is ALLOWED.

Judgment may be entered dismissing the complaint.

  July 13, 2021
      DATE

/s/ Rya W. Zobel
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE